**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:16-cv-00516 (EGS) |
| U.S. DEPARTMENT OF STATE, | |
| Defendants. | |

| | |
|---|---|
| JUDICIAL WATCH, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:13-cv-01363 (EGS) |
| U.S. DEPARTMENT OF STATE, | |
| Defendants. | |

## FREEDOM WATCH'S RESPONSE TO PLAINTIFF'S OPPOSITION TO FREEDOM WATCH'S REQUEST TO CONSOLIDATE DISCOVERY

Freedom Watch, through its Chairman and General Counsel, responds to the unfortunate and unprofessional pleading which Judicial Watch has just filed: "Plaintiff's Opposition to Freedom Watch's Request to Consolidate Discovery." [Dkt. # 70].

Fearing that somehow Larry Klayman and Freedom Watch seek to "rain on its parade," Michael Bekeska, counsel for Judicial Watch, not only misstates the record but also seeks to disparage and defame Larry Klayman, knowing that these cases are being closely watched and reported in the media.

In this latter respect, it is Judicial Watch that was not too long ago hit with a $181,000 jury verdict, which included punitive damages for maliciously defaming Mr. Klayman. So

egregious was this defamation that the jury found malicious defamation despite the high threshold for a verdict and judgment since Mr. Klayman is a public figure. The verdict and judgment is final and is not on appeal. Judicial Watch, obviously realizing that they had not a chance to overturn it, did not even file a notice of appeal. *See* Exhibit 1.

Despite this "unfortunate" conduct by Judicial Watch, Mr. Klayman and Freedom Watch do not seek to re-litigate their differences in this case, despite this latest attempt by Judicial Watch and its directors and counsel to defame Mr. Klayman, as they resent any competition from him or Freedom Watch. That is the basis of their unjustified ad hominem attack and their resistance to agreeing to the obvious; namely, that the two cases at issue are related as they concern virtually the same locus of requested documents from Defendant the Department of State and consolidation of discovery would work an economy for all parties, as well as not drag out these proceedings.

Despite this effort by Judicial Watch to again defame Mr. Klayman, the Court has his and Freedom Watch's word that they do not intend to act in any other than a professional fashion in these cases, as set forth in Freedom Watch's Response to Defendant's Motion to Stay and Opposition to Plaintiff's Notice of Related Cases and Request to Consolidate Discovery. *See* Exhibit 2. [Dkt. # 69].

However, Freedom Watch needs to set the record straight as Judicial Watch has also not been candid with this Court in its pleading.

First, it was Judicial Watch's responsibility to advise the Court of Freedom Watch's virtually identical case as Your Honor so instructed the parties to advise it of discovery requests in other FOIA cases, much more an obviously related case such as this one. Rather than obeying the Court's order, Judicial Watch withheld this information. That is the reason that Freedom

Watch filed the subject Notice of Related Case and Request for Consolidation of Discovery. This notice was not a motion but simply intended to put the Court on notice of a related case, which Judicial Watch intentionally did not disclose. The Court's order requiring disclosure of other cases is why Freedom Watch filed its notice of related case when Judicial Watch failed to make its disclosure. For this reason, Freedom Watch believed that the Court contemplated possible consolidation of discovery.

Second, Judicial Watch also does not disclose to this Court that Defendant has now produced the same exact documents and records, which it produced to Judicial Watch, no more and no less. Thus, whatever the history of the two cases, they are exactly in the same position and documents and records, which are subject to a proper search, are before the Court in both cases. In short, although Defendant has not yet filed a summary judgment motion in the Freedom Watch case, without any doubt it will now quickly do so and thus the cases, contrary to Judicial Watch's strained argument, are indeed in the same procedural posture.

Third, it is not uncommon in the world of FOIA for different requestors to file identical or similar FOIA requests. News organizations and public interest groups frequently follow each other's lead, since the agency will not voluntarily produce documents and records without a formal FOIA request having been filed. Thus, that Freedom Watch also seeks the documents and records at issue is not unusual. Judicial Watch does not have a monopoly on obtaining the documents and records and indeed two requesters may seek them for different usages in terms of dissemination to the public, in the case of these two public interest groups, ironically both of which Mr. Klayman founded.

In sum, Judicial Watch's pleading lacks merit in fact and law, for the reasons set forth above and in Freedom Watch's Response to Defendant's Motion to Stay and Opposition to

Plaintiff's Notice of Related Cases and Request to Consolidate Discovery. *See* Exhibit 2. [Dkt. # 69]. Regrettably, jealous of anyone who might be perceived to steal its thunder, Judicial Watch unprofessionally felt a need, as it has done before, to not only defame Mr. Klayman but also withhold information from this Court about a related case.


Dated:   April 28, 2016

Respectfully submitted,

 */s/ Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2016, a true and correct copy of the foregoing was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

AIMEE W. BROWN (IL Bar No. 6316922)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0845
Fax: (202) 616-8470
Email: Aimee.W.Brown@usdoj.gov

*Counsel for Defendants*

Steven A. Myers
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 305-8648
(202) 616-8460 (fax)
steven.a.myers@usdoj.gov

*Counsel for Defendants*

Peter T. Wechsler
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Benjamin Franklin Station
Washington, DC 20044
(202) 514-2705
(202) 514-8470 (fax)
peter.wechsler@usdoj.gov

*Counsel for Defendants*

Caroline Lewis Wolverton
U.S. Department of Justice
Civil Division
20 Massachusetts Ave., NW
Suite 7150
Washington, DC 20001
(202) 514-0265
(202) 616-8470 (fax)
caroline.lewis-wolverton@usdoj.gov

*Counsel for Defendants*

Michael Bekesha
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172
(202) 646-5199 (fax)
mbekesha@judicialwatch.org

*Counsel for Plaintiff Judicial Watch, Inc.*

Paul J. Orfanedes
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172
(202) 646-5199 (fax)
porfanedes@judicialwatch.org

*Counsel for Plaintiff Judicial Watch, Inc.*

Respectfully submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com