**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FREEDOM WATCH, INC.,

                Plaintiff,

    v.

U.S. DEPARTMENT OF STATE,

                Defendants.

Civil Action No. 1:16-cv-00516 (EGS)

JUDICIAL WATCH, INC.,

                Plaintiff,

    v.

U.S. DEPARTMENT OF STATE,

                Defendants.

Civil Action No. 1:13-cv-01363 (EGS)

## FREEDOM WATCH'S OPPOSITION TO DEFENDANT'S MOTION TO STAY

      Pursuant to this Court's Order of April 26, 2016, Plaintiff, Freedom Watch, hereby respectfully submits its Opposition to Defendant's Motion to Stay, filed on April 25, 2016 [Dkt. # 6.

## I.    INTRODUCTION

      As Freedom Watch has set forth in prior related pleadings, (16-cv-00516 [Dkt. # 9, 10], 13-cv-01363 [Dkt. # 69, 71]), the two cases filed by it and Judicial Watch are closely related, they are virtually in the same procedural posture, as Defendant has produced only the same documents and records which it produced to Judicial Watch, and Freedom Watch has agreed to the discovery plan proposed by Defendant and Judicial Watch. To allow discovery to proceed for both cases in tandem would work a judicial economy and economy for the parties and not

prolong either case. Thus, as set forth in the case law below, there is no logical reason to stay

Freedom Watch's case. Defendant's motion to stay is not based on the facts and the law, makes

no sense and is thus purely tactical in nature.

## II.    THE LAW

As the Defendants observe, the U.S. Supreme Court confirmed long ago the proposition

that courts have the inherent power to stay or un-stay a proceeding in order to control the

disposition of the cases on their docket, and that this power extends to situations in which one

suit may be affected by the disposition of another. *Landis v. North American Co.*, 299 U.S. 248,

254-55 (1926). The Defendant strategically fails to mention, however, that "[o]nly in rare

circumstances will a litigant in one cause be compelled to stand aside while a litigant in another

settles the rule of law that will define the rights of both." *Id.* at 255. To ensure that such

extraordinary relief would remain the exception rather than the rule, the *Landis* Court further

instructed that "if there is even a fair possibility that the stay for which [the movant] prays will

work damage to someone else," "the suppliant for a stay must make out a clear case of hardship

or inequity in being required to go forward, it there is even a fair possibility that the stay for

which he prays will work damage to someone else." *Id.* Importantly, the *Landis* Court vacated

the stay at issue as immoderate and an abuse of discretion. *Id.* Moreover, the party seeking to

delay one party "has a heavy burden of persuading th[e] Court that a stay is appropriate." *DSMC,*

*Inc. v. Convera Corp.* 273 F. Supp. 2d 14, 31 (D.D.C. 2002).

The U.S. Supreme Court's extreme caution in affirming the power of district courts to

grant stays followed its earlier pronouncement that "[a] stay is not a matter of right, even if

irreparable injury might otherwise result." *Virginian R. Co. v. United States, et al.*, 272 U.S. 658,

672 (1926). Following *Landis*, in considering circumstances under which district courts should

stay proceedings pending related litigation, the Court admonished that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River Water Conversation Dist. V. United States*, 424 U.S. 800, 823, 817 (1976) (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)).

Here, the Defendant's cannot satisfy its "heavy burden" because, as set forth in prior pleadings, delaying the Freedom Watch case would work prejudice to it and the public interest, as well as increase the cost of litigation, require the Court to expend more of its own valuable resources and time, and prolong the disposition of its case. Clearly, there is no prejudice to any party to allow both cases to proceed to discovery on the same track and thus there is no reason for the Court to enter a stay.

## III.    CONCLUSION

In sum, based on the law and the facts of both the Freedom Watch and Judicial Watch cases, which are clearly related and which are essentially in the same procedural posture, Defendants motion to stay is non-meritorious. To allow both cases to proceed on the discovery plan, which has already been accepted by Freedom Watch, would work an economy not just for the parties, but also the Court. There thus is no logical reason to stay Freedom Watch's case and unnecessarily run up the cost for the Court, Freedom Watch and ironically the Defendant itself. A stay would also delay the conclusion of these proceedings. Thus, Defendant's Motion to Stay is purely tactical in nature and should respectfully be denied.

Dated:   April 29, 2016

                                     Respectfully submitted,

                                    */s/ Larry Klayman*_____
                                   Larry Klayman, Esq.
                                   Freedom Watch, Inc.
                                   D.C. Bar No. 334581
                                   2020 Pennsylvania Ave. NW, Suite 345
                                   Washington, DC 20006
                                   Tel: (310) 595-0800
                                   Email: leklayman@gmail.com

                                   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2016, a true and correct copy of the foregoing was submitted electronically to the District Court for the District of Columbia and filed and served via CM/ECF upon the following:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

AIMEE W. BROWN (IL Bar No. 6316922)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0845
Fax: (202) 616-8470
Email: Aimee.W.Brown@usdoj.gov

*Counsel for Defendants*

Steven A. Myers
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 305-8648
(202) 616-8460 (fax)
steven.a.myers@usdoj.gov

*Counsel for Defendants*

Peter T. Wechsler
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Benjamin Franklin Station
Washington, DC 20044
(202) 514-2705
(202) 514-8470 (fax)
peter.wechsler@usdoj.gov

*Counsel for Defendants*

Caroline Lewis Wolverton
U.S. Department of Justice
Civil Division
20 Massachusetts Ave., NW
Suite 7150
Washington, DC 20001
(202) 514-0265
(202) 616-8470 (fax)
caroline.lewis-wolverton@usdoj.gov

*Counsel for Defendants*

Counsel for Defendants
Michael Bekesha
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172
(202) 646-5199 (fax)
mbekesha@judicialwatch.org

*Counsel for Plaintiff Judicial Watch, Inc.*

Paul J. Orfanedes
Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172
(202) 646-5199 (fax)
porfanedes@judicialwatch.org

*Counsel for Plaintiff Judicial Watch, Inc.*

Respectfully submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com