IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM WATCH, INC.,

Plaintiff,

v.                                                          Civil Docket No. 16-cv-516 (EGS)

U.S. DEPARTMENT OF STATE,

Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY

## INTRODUCTION

Plaintiff Freedom Watch, Inc.'s "Response to Defendant's Motion to Stay and Opposition to Plaintiff's Notice of Related Cases and Request to Consolidate Discovery," ECF No. 9, Apr. 27, 2016 ("First Response"), is rife with arguments that mischaracterize its own actions and find no basis in case law.  Freedom Watch's second response to Defendant's motion, "Freedom Watch's Opposition to Defendant's Motion to Stay," ECF No. 11, Apr. 29, 2016 ("Second Response"), is not properly before the Court,[1] *see* LCvR 7(b) (contemplating a single opposition to a motion), and in any event supplies no merit to Freedom Watch's position.  The Court should reject Freedom Watch's attempt to inject needless complication into the discovery proceedings ordered in *Judicial Watch v. State*, No. 13-cv-1363 (D.D.C. filed Sept. 10, 2013),

---

[1] Indeed, the Court's Minute Order dated April 26, 2016, instructed Freedom Watch "to respond to Defendant's motion to stay no later than 12:00 p.m. Friday, April 29, 2016."  Nothing in that Order authorizes the filing of multiple responses to Defendant U.S. Department of State's ("State") "Motion to Stay and Opposition to Plaintiff's Notice of Related Cases and Request to Consolidate Discovery" ("Motion to Stay").

and stay this case pursuant to its inherent authority to ensure the efficient administration of its

docket.

## ARGUMENT

### I.        Discovery Would Be Premature and Procedurally Improper

Freedom Watch contends that "[t]here is no logical reason for this Court" to stay this case

and "not . . . consider consolidation of discovery."  First Resp. at 2.  This is flatly incorrect.  As

State pointed out in its Motion to Stay, there are clear doctrinal and practical reasons to adopt

such an approach.  "Discovery is only appropriate when an agency has not taken adequate steps

to uncover responsive documents." *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35

(D.D.C. 2002).  Thus, "in the exceptional case in which a court permits discovery in a [Freedom

of Information Act ('FOIA')] action, such discovery should only occur after the government has

moved for summary judgment." *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009).  The

Court therefore need not reach the merits of Freedom Watch's request to consolidate discovery

because State has not yet moved for summary judgment.  By instead staying the case, the Court

would permit the parties in *Judicial Watch* to conduct discovery, which would then inform the

Court as to whether Freedom Watch requires additional discovery if and when it moves, pursuant

to Federal Rule of Civil Procedure 56(d), for any specific discovery that it claims is necessary to

resolve future summary judgment proceedings in its case.  This course of action makes the best

use of judicial and party resources.

Moreover, Freedom Watch does not dispute the practical concerns raised by State in its

Motion to Stay that, "[o]n [Freedom Watch's] theory, any number of other parties could submit

identical FOIA requests and, if State does not respond to those requests within twenty days of

receipt, file suit to participate in those discovery proceedings on the ground that they, too, find

State's search inadequate for the same reasons."  Mot. to Stay at 6.  Though Freedom Watch

professes that its counsel "would not ask duplicative questions [during discovery] and [would be] mindful of the need to keep the proceedings orderly," First Resp. at 2, there is no guarantee that other parties following in Freedom Watch's calculating footsteps would exhibit such restraint. Moreover, while Judicial Watch and State have been able to work cooperatively to minimize disputes requiring resolution by the Court, Freedom Watch has thus far failed to consult with opposing counsel as required and otherwise violated the Court's local rules and orders. *See, e.g.*, *supra* n.1 (noting Freedom Watch's filing of multiple Responses in contravention of the Court's Minute Order); *infra* Part IV (refuting Freedom Watch's insistence that its "request" for consolidation and discovery was not a motion and therefore did not require consultation with opposing counsel, as mandated by Local Rule 7(m)).

## II.     Freedom Watch's Right to Records and Activities in Other Proceedings Are Irrelevant

Freedom Watch contends that a stay would be improper given that it "has a right to . . . [nonexempt] records" responsive to its FOIA request and "has been seeking records from Defendant for many years that bear on similar issues as in this case." First Resp. at 2–3. Neither contention provides any support to Freedom Watch's position. First, as noted in State's Answer, *see* Answer ¶ 18, State has already produced to Freedom Watch all of the records it previously produced to Judicial Watch,[2] and thus any "right" Freedom Watch possesses to such records would not be prejudiced by imposition of a stay, First Resp. at 3. Second, Freedom Watch's activities in other unrelated cases are wholly irrelevant to whether discovery in *this* case in the context of *this* FOIA request would be proper, and to the propriety of a stay of this case "pending

---

[2] Freedom Watch does not contest in either of its Responses the suggestion by State that the only records it seeks are those "that [State] previously produced to Judicial Watch with the same withholdings and redactions applied." Mot. to Stay at 3.

resolution of independent proceedings which bear upon the case." *Hussain v. Lewis*, 848 F.

Supp. 2d 1, 2 (D.D.C. 2012) (quoting *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C.

2004)) (internal quotation mark omitted).

### III.   Case Law Supports State's Request for a Stay and Opposition to Consolidation

Freedom Watch argues in its two Responses that "the cases cited by Defendant to stay

this case are not on point."  First Resp. at 3; *see also* Sec. Resp. at 2.  Rather, Freedom Watch

contends that "case law shows that consolidation is appropriate under these particular and

compelling circumstances," though it neither cites any case law in support of this proposition nor

explains why the current circumstances are "compelling."  First Resp. at 3.

Freedom Watch is mistaken on both fronts.  As State noted in its Motion to Stay, courts

in analogous situations have found it appropriate to stay FOIA proceedings.  For example, *Evans*

*v. Central Intelligence Agency*, No. 11-CV-02544-MSK-KLM, 2014 WL 4357470 (D. Colo.

Sept. 2, 2014), involved a FOIA request seeking "copies of the photographs of Osama Bin

Laden's deceased body taken during the raid in Abottabad, Pakistan."  *Id*. at *1.  The CIA

"moved to stay the action due to the pendency of litigation over a similar FOIA request in the

District of Columbia," which the court "granted . . . with limited exceptions, pending final

resolution of the [related] case."  *Id*.  After the D.C. district court granted summary judgment in

favor of the government—a decision subsequently affirmed by the Court of Appeals for the D.C.

Circuit—the CIA moved for summary judgment in *Evans*.  *See id*. at *2.  Having reviewed the

analyses in the district court and D.C. Circuit's opinions, the *Evans* court "fully adopt[ed] the

reasoning of both . . . opinions" and rejected the single new argument raised by the requester.

*See id*. at *2–3.  As was the case in *Evans*, adopting such an approach here would promote

judicial efficiency and avoid needless expenditure of judicial and party resources.

Given these benefits, it is unsurprising that other courts in this circuit have also stayed FOIA proceedings pending resolution of specific issues in related cases.  *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 57 F. Supp. 3d 48, 49 (D.D.C. 2014) (noting its stay of proceedings pending resolution of a motion to dismiss in a related case where the House Oversight and Government Reform Committee sought "the very same records" as Judicial Watch); *Heggestad v. U.S. Dep't of Justice*, 182 F. Supp. 2d 1, 5 (D.D.C. 2000) (noting that the plaintiff had "submitted an additional FOIA request . . . [that] sought several of the same documents at issue in this lawsuit," and staying the case to permit processing of that request "to narrow the issues for the Court").

Furthermore, Freedom Watch offers no real reply to State's opposition to consolidation, other than to note that it is in the trial court's discretion, and the FOIA requests are "virtually identical."  First Resp. at 3.  But Freedom Watch confuses relatedness with consolidation.  While the two cases may arguably be related, consolidation requires consideration of other factors.  One critical factor is the procedural posture of the cases.  *See* Mot. to Stay 8–9.  Here, Freedom Watch makes no effort to contest the fact that this case is in its initial stages, with no summary judgment or discovery motion having been filed.  By contrast, the *Judicial Watch* case at issue is several years old, it has already progressed to the summary judgment stage, and a discovery order has been agreed to by the parties.  Due to the different procedural postures, consolidation should be denied, even if the Court retains the case as related.  *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D. Cal. 1996) (denying consolidation of discovery on the basis that one "case [was] in a far more advanced procedural posture than [the other] case"); *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (denying consolidation of three cases because "the cases [were] in vastly different procedural postures").

In its Second Response, Freedom Watch relies heavily on *Landis v. North America Co.*, 299 U.S. 248 (1926), though these arguments fare no better.  Freedom Watch notes *Landis*'s caution that a party bears a higher burden in justifying a stay if such an approach would permit "a litigant in another [case] [to] settle[] the rule of law that will define the rights of both," "work damage to someone else," or impose a stay of "immoderate" length.  Sec. Resp. at 2 (quoting *Landis*, 299 U.S. at 255).  None of these possibilities applies here.  Staying this case would not permit Judicial Watch to define the rights of Freedom Watch because, as noted previously, Freedom Watch would be free to move for its own discovery after discovery is completed in *Judicial Watch* and State has moved for summary judgment in *Freedom Watch*.  Moreover, as State explained, there is no prospect of damage to another party "because only Freedom Watch's and Judicial Watch's FOIA requests are at issue," and any stay would not be immoderate, as the parties estimate that discovery will be completed within eight weeks.  Mot. to Stay at 7 n.6.  Freedom Watch also raises the specter of "increase[d] . . . cost of litigation" and expenditure of the Court's "own valuable resources and time."  Sec. Resp. at 3.  But no costs would be incurred while a stay is in place, and following a stay, the Court might well conclude that no additional discovery by Freedom Watch is needed in light of the evidence produced in the *Judicial Watch* case at issue.  This would thus save the Court time and resources.

### IV.     Freedom Watch Was Required to Confer with Counsel for State Regarding Its "Request" to Consolidate Discovery

Finally, Freedom Watch errs in arguing that it "did not file a motion that required a meet and confer with opposing counsel," stating that it merely "suggested that . . . discovery could be consolidated for both cases."  First Resp. at 1.  Under Local Rule 7(m), "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief

sought and . . . shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."  Freedom Watch's "Notice of Related Cases and Request to Consolidate Discovery" ("Consolidation Request") plainly qualifies as a motion requiring such conferral.  Though Freedom Watch did not title its filing as a motion, it nonetheless docketed the filing with the Court as a "Motion for Discovery Consolidated with Discovery in Related Case."  *See* ECF No. 4.   Freedom Watch also drafted the filing as a motion for relief, asking the Court to "order discovery for the Plaintiff as it has for Judicial Watch" and setting forth the basis for its request.  Consolidation Request at 2–4.  Finally, any doubt as to the nature of Freedom Watch's filing is dispelled by the Certificate of Service it appended to the filing, in which Freedom Watch avers that "a true and correct copy of the foregoing *notice and motion* was filed electronically using CM/ECF . . . and served upon . . . attorneys for both cases." *Id*. at 5 (emphasis added).  As such, Freedom Watch was required by Local Rule 7(m) to confer with counsel for State prior to filing its Consolidation Request, and its failure to do so constitutes a sufficient basis for denial.  *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied.").

## CONCLUSION

For the reasons offered above, as well as the reasons in State's opening motion, State respectfully asks the Court to stay this case pending the completion of discovery in *Judicial Watch v. State*, No. 13-cv-1363 (D.D.C. filed Sept. 10, 2013).

Dated:  May 2, 2016                         Respectfully submitted,

                                            BENJAMIN C. MIZER
                                            Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ *Jason Lee* _____
JASON LEE (CA Bar No. 298140)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
Telephone:  (202) 514-3367
Fax:  (202) 616-8470
Email:  Jason.Lee3@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, DC 20044

Courier Address:
20 Massachusetts Ave., NW Rm. 7328
Washington, DC 20001


*Counsel for Defendant*